**Melva A. ELDRIDGE**

v.

**NORTHROP GRUMMAN CORP.**

**No. CIV. JFM–99–295.**

United States District Court,
D. Maryland.

Dec. 30, 1999.

---

Melva A. Eldridge, Baltimore, MD, Pro se.

James J. Kelley, Morgan, Lewis & Bockius, Washington, DC, for Defendant.

### MEMORANDUM

MOTZ, Chief Judge.

Plaintiff has brought this *pro se* action for employment discrimination against her former employer, Northrop Grumman

Corporation. Both parties have moved for summary judgment, and the motions have been fully briefed. Plaintiff's motion will be denied and defendant's will be granted.

### A.

No lengthy recitation of the facts or governing legal principles is necessary. The record is uncontradicted that plaintiff was guilty of excessive absenteeism for a long period of time. This led defendant to terminate her employment. After a grievance filed by plaintiff's union was dismissed, plaintiff requested that defendant convert her termination into a lay off. Defendant did so, and plaintiff was recalled to employment.

After her recall members of management met with plaintiff and her union representatives to review plaintiff's prior poor attendance and discuss defendant's expectations regarding her future attendance performance. Plaintiff was advised that unless she maintained satisfactory attendance, her employment would be terminated. Her absentee problems continued. She was suspended for two days of unauthorized leave in December 1997, and when she returned to work on January 12, 1998, she executed a "Last Chance Agreement" with her immediate supervisor and her union representative. Again, her absenteeism continued unabated.[1]

### B.

In order to state a *prima facie* claim of termination in violation of Title VII, a plaintiff must demonstrate, *inter alia*, that at the time she was discharged her job performance was satisfactory. Moreover, if plaintiff does make out a *prima facie* case, defendant is then entitled to rebut the case by articulating a legitimate non-discriminatory reason for its action. Plaintiff must then demonstrate by the preponderance of the evidence that the defendant's proffered reason for the termination of employment was pretextual. Here, in light of plaintiff's record of excessive absenteeism, it is clear that she can neither demonstrate that her job performance was satisfactory at the time of the termination of her employment or that defendant's proffered reason for firing her was pretextual.[2]

A separate order effecting the rulings made in this memorandum is being entered herewith.

### ORDER

For the reasons stated in the accompanying memorandum, it is, this 30 th day of December 1999

ORDERED

1. Plaintiff's motion for summary judgment is denied;

2. Defendant's motion for summary judgment is granted; and

3. Judgment is entered in favor of defendant against plaintiff.

---

**1.** Plaintiff claims she took leave following the Last Chance Agreement because she was having a problem with her knee and regarded her absences as leave under the Family and Medical Leave Act. At the time of these absences, however, plaintiff had already taken in excess of 12 weeks of leave in the prior 12–month period, thus exhausting her available FMLA leave. Moreover, at the time plaintiff took her leave after the Last Chance Agreement, she was not a protected employee under the FMLA because she had not worked the requisite 1,250 hours in the preceding year.

**2.** Plaintiff also makes various other claims for alleged demotion, denial of promotions and alleged harassment. All of these claims are time-barred because they occurred more than 300 days before plaintiff filed her charge with the EEOC. Moreover, the record is clear they fail on the merits. The alleged "demotion" was, in fact, the defendant's act of generosity in converting her initial termination to a lay off and then recalling her. In regard to the promotion claims, plaintiff has not established that she actually applied for any of the positions in question or that she was qualified for them. Her allegations of alleged harassment are entirely conclusory.